1   Ford & Harrison LLP
    Jesse M. Caryl, Bar No. 208687
2   Jennifer A. Olson, Bar No. 228744
    350 South Grand Avenue, Suite 2300
3   Los Angeles, CA 90071
    Telephone: (213) 237-2400
4   Facsimile: (213) 237-2401

5   Attorneys for Defendants
    DARDEN RESTAURANTS, INC., GMRI, INC.
6   dba RED LOBSTER and MARTY
    GRUETZMACHER
7

8                    UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

11  DAMAN PAL SINGH CHADHA, an      Case No. ___CV08-02516 FMC
    individual,                                                    AJWx
12
                     Plaintiff,       DEFENDANTS' NOTICE OF
13                                    REMOVAL OF CIVIL ACTION

    vs.
14
    DARDEN RESTAURANTS, INC., a
15  Florida corporation, GMRI, INC., a
    Florida corporation dba RED
16  LOBSTER; MARTY
    GRUETZMACHER, an individual; and
17  DOES 1 through 50 inclusive,

18                   Defendants.

19

20       **TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL**

21  **DISTRICT OF CALIFORNIA AND TO PLAINTIFF DAMAN PAL SINGH**

22  **CHADHA AND HIS ATTORNEY OF RECORD:**

23       **PLEASE TAKE NOTICE** that defendants Darden Restaurants, Inc., GMRI,

24  Inc. dba Red Lobster and Marty Gruetzmacher (collectively, "Defendants"), by and

25  through their undersigned counsel, hereby remove this action from the Superior

26  Court of the State of California for the County of Los Angeles ("Superior Court")

27  to the United States District Court for the Central District of California pursuant to

28  28 U.S.C. §§ 1332, 1441(a) and 1446, based on the following:

FORD & HARRISON
        LLP
ATTORNEYS AT LAW
   LOS ANGELES        LA:65874.1                   DEFENDANTS' NOTICE OF REMOVAL
                                                             OF CIVIL ACTION

COPY

**Commencement and Pendency of Action in State Court**

1.     Upon information and belief, on or about February 7, 2008, plaintiff Daman Pal Singh Chadha ("Plaintiff") filed a Complaint in the Superior Court, purportedly alleging causes of action against Defendants.  Defendants were never served with the Summons and Complaint.

2.     On or about March 11, 2008, Plaintiff filed his First Amended Complaint in the Superior Court captioned as <u>Darden Restaurants, Inc., a Florida corporation, GMRI, Inc., a Florida corporation dba Red Lobster; Marty Gruetzmacher, an individual; and Does 1 through 50 inclusive</u> (Superior Court Case No. BC385103).

3.     Service upon Defendants of the Summons on First Amended Complaint, First Amended Complaint and accompanying documents was effected on March 17, 2008 by service upon Jeannine Wysokowski, Defendant Darden Restaurants, Inc.'s registered agent for service of process.  A copy of the Service of Process Notice, Summons on First Amended Complaint, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum, DFEH Notice of Case Closure (GMRI, Inc.), DFEH Notice to Complainant's Attorney (GMRI, Inc.), DFEH Complaint (GMRI, Inc.), DFEH Notice of Case Closure (Darden Restaurants, Inc.), DFEH Notice to Complainant's Attorney (Darden Restaurants, Inc.), DFEH Complaint (Darden Restaurants, Inc.) and Notice of Case Assignment is attached hereto as Exhibit "A." Ms. Wysokowski is authorized to accept service on behalf of Defendants GMRI, Inc. dba Red Lobster and Marty Gruetzmacher, both of whom are represented by counsel for Darden Restaurants, Inc.

4.     Exhibit "A" constitutes all the process, pleadings and orders served upon or filed by Defendants in this action to date.

**Jurisdiction – Grounds for Removal – Diversity**

5.     At all times relevant hereto, Defendant Darden Restaurants, Inc. and Defendant GMRI, Inc. dba Red Lobster were and still are corporations established

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

LA:65874.1                     - 2 -                     DEFENDANTS' NOTICE OF REMOVAL
OF CIVIL ACTION

1    under the laws of the State of Florida and they maintain their principal places of
2    business in the State of Florida. Pursuant to 28 U.S.C. § 1332(c), Defendants are
3    not citizens of the State of California. At all times relevant hereto, Defendant
4    Marty Gruetzmacher was and still is a citizen of the State of Arizona. Upon
5    information and belief, Plaintiff is and at all times relevant hereto was a citizen of
6    the State of California. (See First Amended Complaint, ¶ 1, attached as Exhibit
7    "A.")

8        6.    The citizenship of fictitiously-named "Doe" defendants is to be
9    disregarded for the purposes of removal. (28 U.S.C. § 1441(a).)

10       7.    Plaintiff's First Amended Complaint seeks compensatory damages,
11   which would include lost past and future earnings and other employment benefits,
12   damages for "shame, humiliation, mental anguish and emotional distress", damages
13   for "embarrassment, humiliation, severe emotional distress, anguish, fear, loss of
14   employment, loss of employability", and attorney fees pursuant to California
15   Government Code section 12940 and punitive damages. (See First Amended
16   Complaint ¶¶ 35, 36, 37, 41, 42, 43, 47, 48, 61 and 62, attached as Exhibit "A.")
17   Therefore, based on Plaintiff's pleadings, the amount in controversy exceeds the
18   sum or value of seventy-five thousand dollars ($75,000), exclusive of interest and
19   costs.

20       8.    Accordingly, there exists complete diversity of citizenship in this
21   action within the meaning of 28 U.S.C. § 1332.

22   **Removal is Proper**

23       9.    This matter is a civil action of which this Court has original
24   jurisdiction pursuant to 28 U.S.C. § 1332. Moreover, pursuant to 28 U.S.C. §
25   1441(a), Defendants may remove this action to this Court on the basis of diversity
26   jurisdiction because the action is between citizens of different states and the amount
27   in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

28

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

LA:65874.1                    - 3 -                DEFENDANTS' NOTICE OF REMOVAL
                                                  OF CIVIL ACTION

1        10.   The instant Notice of Removal of Civil Action has been timely filed

2    pursuant to 28 U.S.C. § 1446(b).  This Notice is filed within thirty (30) days of

3    service of the Complaint upon Defendants, and the Superior Court in which this

4    action is commenced is within this Court's district and division.

5        **Process and Pleadings**

6        11.   The only process and/or pleadings filed with the Superior Court and

7    served upon Defendants include the documents attached as Exhibit "A".  No other

8    process, pleadings or orders have been filed by or served upon Defendants, and

9    Defendants are not aware of any motions currently pending therein.

10       **Notice to Plaintiff and the Superior Court**

11       12.   As required by 28 U.S.C. Section 1446(d), Defendants will give notice

12   of this removal to Plaintiff.

13       13.   As required by 28 U.S.C. Section 1446(d), a copy of this Notice of

14   Removal will be filed with the Superior Court.

15       WHEREFORE, Defendants remove the above-captioned action from the

16   Superior Court of the State of California for the County of Los Angeles to this

17   United States District Court.

18   Dated:   April  16 , 2008       FORD & HARRISON LLP

19                                   Jesse M. Caryl

                                     Jennifer A. Olson

20

21                                  By:

22                                  Attorneys for Defendants

                               DARDEN RESTAURANTS, INC.,

23                                  GMRI, INC. dba RED LOBSTER and

                               MARTY GRUETZMACHER

24

25

26

27

28

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

LA:65874.1                     - 4 -              DEFENDANTS' NOTICE OF REMOVAL
                                          OF CIVIL ACTION

# EXHIBIT A

# Corporate Creations®

Registered Agent • Director • Incorporation Services
11380 Prosperity Farms Road #221E
Palm Beach Gardens FL 33410

Tel (561) 694-8107

Fax (561) 694-1639

March 17, 2008

Darden Restaurants, Inc.

Jeannine Wysokowski Executive Secretary
Darden Restaurants, Inc.
5900 Lake Ellenor Drive
ORLANDO FL 32809

# SERVICE OF PROCESS NOTICE

The following is a summary of the enclosed legal document(s) that we received.

| | | |
|---|---|---|
| 1. | Client Entity: | Darden Restaurants, Inc. |
| 2. | Title of Action: | Daman Pal Singh Chadha v. Darden Restaurants, Inc., et al |
| 3. | Document(s) Served: | Summons and Complaint |
| 4. | Court/Agency: | Los Angeles County Superior Court |
| 5. | State Served: | Florida |
| 6. | Case Number: | BC385103 |
| 7. | Lawsuit Type: | Discrimination/Harassment |
| 8. | Method of Service: | Regular Mail |
| 9. | Date Received: | 3/17/2008 |
| 10. | Date to Client: | 3/17/2008 |
| 11. # Days When Answer Due: | 30 | **CAUTION**: Client is solely responsible for reviewing service of |
| | Answer Due Date: | 04/16/08 | process to verify accuracy of Answer Due Date. |
| 12. | Plaintiff's Attorney: (Name, City and Phone Number) | Supreeta Sampath Los Angeles, California 310-312-8080 |
| 13. | Shipped By: | Regular Mail and Email with PDF Link |
| 14. | Tracking Number: | |
| 15. | Notes: | |

THIS NOTICE IS PROVIDED FOR GENERAL INFORMATION PURPOSES ONLY AND SHOULD NOT BE CONSIDERED A LEGAL OPINION. IT IS YOUR RESPONSIBILITY TO REVIEW THE DOCUMENT(S) FORWARDED AND TO CONTACT YOUR LAWYER TO TAKE APPROPRIATE ACTION. REGISTERED AGENT SERVICES ARE PROVIDED BY CORPORATE CREATIONS NETWORK INC.

## PROOF OF SERVICE
(1013a(3) CCP Revised 5/1/88)

I. am employed in the County of Los Angeles. State of California. I am over the age of 18 and not a party to the within action; my business address is 11845 West Olympic Boulevard. Suite 1245. Los Angeles. California 90064.

On March 13, 2008. I served the foregoing documents described as:

1)      Summons on First Amended Complaint;

2)      First Amended Complaint;

3)      Civil Case Cover Sheet;

4)      Civil Case Cover Sheet Addendum;

5)      DFEH Notice of Case Closure (GMRI Inc.);

6)      DFEH Notice to Complainant's Attorney (GMRI Inc.);

7)      DFEH Complaint (GMRI Inc.);

8)      DFEH Notice of Case Closure (Darden Restaurants Inc.);

9)      DFEH Notice to Complainant's Attorney (Darden Restaurants Inc.);

10)     DFEH Complaint (Darden Restaurants Inc.); and,

11)     Notice Of Case Assignment and ENE / ADR Packet

on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope(s) addressed as follows:

Marty Gruetzmacher, an individual
c/o 4030 Smith Road. Ste. 350
Cincinnati, Ohio 45209-1937

Darden Restaurants, Inc.
c/o Corporate Creations Network, Inc.
(Agent for Service of Process)
11380 Prosperity Farms Road. Ste. 221E
Palm Beach Gardens. Florida 33410

**X  BY U.S. MAIL RETURN RECEIPT REQUESTED:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the United States postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more

1    than one day after date of deposit for mailing in affidavit.

2          I declare under penalty of perjury, under the laws of the State of California and the United

3    States of America, that the above is true and correct.

4          Executed at Los Angeles, California on **March 13, 2008**.

5

6

7                                                    Michele A. Dezes

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

1)   Summons on First Amended Complaint
2)   First Amended Complaint
3)   Civil Case Cover Sheet
4)   Civil Case Cover Sheet Addendum
5)   DFEH Notice of Case Closure (GMRI Inc.)
6)   DFEH Notice to Complainant's Attorney (GMRI Inc.)
7)   DFEH Complaint (GMRI Inc.)
8)   DFEH Notice of Case Closure (Darden Restaurants Inc.)
9)   DFEH Notice to Complainant's Attorney (Darden Restaurants Inc.)
10)  DFEH Complaint (Darden Restaurants Inc.)
11)  Notice Of Case Assignment and ENE / ADR Packet

FIRST AM___ DED COMPLAINT

SUM-100

# SUMMONS
## (CITATION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
DARDEN RESTAURANTS, Inc., a Florida corporation, GMRI Inc., a
Florida corporation dba RED LOBSTER; MARTY GRUETZMACHER,
an individual; and DOES 1 through 50 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DAMAN PAL SINGH CHADHA, an individual

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 1 1 2008

John A. Clarke, Executive Officer/Clerk

BY RUGENA LOPEZ, Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es)*
Superior Court of California, County of Los Angeles, Central Dist.
111 N. Hill Street, Los Angeles, California  90012

CASE NUMBER
*(Número del Caso)*
**BC 385103**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Supreeta Sampath, State Bar No. 232190      Telephone 310-312-8080   Fax 310-312-8014
Donfeld, Kelley & Rollman, 11845 W. Olympic Blvd., Ste. 1245, Los Angeles, CA  90064

DATE:
*(Fecha)* MAR 1 1 2008

Clerk, by _____, Deputy
*(Secretario)*                          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served   RUGENA LOPEZ
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* DArden Restaurants, Inc

under.  ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
        ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

American LegalNet, Inc. | www.USCourtForms.com



Amy Semmel, State Bar No. 116204
Supreeta Sampath, State Bar No. 232190
Paul M. Kelley, State Bar No. 87505
DONFELD, KELLEY & ROLLMAN
11845 W. Olympic Blvd., Suite 1245
Los Angeles, CA 90064-5095
(310) 312-8080
(310) 312-8014 Facsimile

Attorneys for Plaintiff
Daman Pal Singh Chadha

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 1 1 2008

John A. Clarke, Executive Officer/Clerk
BY RUGENA LOPEZ, Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# IN AND FOR THE COUNTY LOS ANGELES - CENTRAL DISTRICT

| | |
|---|---|
| DAMAN PAL SINGH CHADHA, an individual<br><br>Plaintiff,<br><br>vs.<br><br>DARDEN RESTAURANTS, INC., a Florida corporation, GMRI, INC., a Florida corporation dba RED LOBSTER; MARTY GRUETZMACHER, an individual; and DOES 1 through 50 inclusive,<br><br>Defendants. | CASE NO.  BC 385103<br>Unlimited Action<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>**(1) DISCRIMINATION BASED ON NATIONAL ORIGIN;**<br>**(2) DISCRIMINATION BASED ON RELIGION;**<br>**(3) WRONGFUL [CONSTRUCTIVE] TERMINATION IN VIOLATION OF PUBLIC POLICY;**<br>**(4) DEFAMATION; AND,**<br>**(5) DECLARATORY RELIEF**<br><br>Complaint Filed: February 7, 2007<br>Judge:  Hon. David L. Minning<br>Courtroom:  61 |

Plaintiff Daman Pal Singh Chadha alleges as follows:

## THE PARTIES

1.     Plaintiff Daman Pal Singh Chadha ("Mr. Chadha") is an individual, residing in Orange County, California.

2.     Plaintiff is informed and believes that Darden Restaurants, Inc. ("Darden") is a Florida corporation and the parent company of GMRI, Inc. Plaintiff is informed and believes that Darden owns the operating assets of GMRI and other Darden subsidiaries.

F:\MAT\5913402\1st amended complaint.wpd                              - 1 -

1       3.     Plaintiff is informed and believes and thereon alleges that Defendant GMRI Inc.

2   ("GMRI") is a Florida corporation doing business as Red Lobster.  Red Lobster is a casual dining,

3   seafood-speciality restaurant operator, existing, doing business and employing individuals in the State

4   of California, including in the County of Los Angeles.  Darden and GMRI, Inc. shall be referred to

5   as "Employer Defendants."

6       4.     Plaintiff is informed and believes and thereon alleges that Defendant Marty

7   Gruetzmacher is an individual residing in the state of Arizona.

8       5.     Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as

9   DOES 1 through 50, inclusive, and therefore sues these Defendants by such fictitious names.

10  Plaintiff will amend this complaint to allege their true names and capacities when the same have been

11  ascertained. Plaintiff is informed and believes and on that basis alleges that each of the fictitiously

12  named Defendants claims an interest in the subject matter of this controversy, or is responsible in

13  some manner for the damages hereinafter alleged by the Plaintiff.

14      6.     Wherever in this Complaint reference is made to any act of "Defendants," such

15  allegations shall be deemed to mean all named Defendants and DOES 1 through 50, or their officers,

16  agents, managers, representatives and employees.  The actions alleged against persons in this

17  Complaint were authorized by Defendants and taken while actively engaged in the operation,

18  management, direction or control of the affairs of Defendants and while acting within the course and

19  scope of their duties with Defendants.

20      7.     Plaintiff is informed and believes and thereon alleges that at all times herein mentioned

21  each Defendant was the agent, servant or employee of each of the other Defendants, and in doing the

22  things hereinafter alleged, was acting in the course and scope of its authority as such agent, servant or

23  employee, and with the permission and consent of each of the other Defendants. Plaintiff is informed

24  and believes and thereon alleges that each Defendant acted in all respects pertinent to this action as the

25  agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects

26  pertinent hereto, and the acts of each of the Defendants are legally attributable to the other

27  Defendants.

28  ///

----------------------------------------
**First Amended Complaint**

## FACTUAL ALLEGATIONS

8.     Mr. Chadha was born in India and has been a life-long observer of the Sikh religion. Traditional adherence to Sikhism, requires among other things, that men wear turbans and maintain full beards. As a devout practicing Sikh, Mr. Chadha wears both a turban and maintains a full beard out of respect for his heritage and religion.

9.     On or about February 27, 1997, Defendants hired Mr. Chadha as a Culinary Manager in Canada. The circumstances under which Mr. Chadha was hired were prescient of the problems he would later face. When Mr. Chadha applied for his first position with Defendants, he was interviewed twice and then not hired. After his second interview, Mr. Chadha received a letter stating that his position had been filled but that he would be considered for the next open position. Mr. Chadha discovered that Defendants were still advertising his position. A non-turban-wearing friend of Mr. Chadha, who was less qualified, applied for the position of Culinary Manager and was offered the job. Upon learning of the offer to his friend, Mr. Chadha confronted Defendants, and was eventually hired as a Culinary Manager.

10.     Soon after Mr. Chadha began working for Defendants, his supervisors moved him out of the kitchen, and onto the main floor of the Red Lobster restaurant, as it became apparent that he was a "people person" and well-liked by customers. In addition, Mr. Chadha quickly received a substantial off-cycle raise.

11.     In or about December 2000, Mr. Chadha was promoted and transferred to the Red Lobster in Lakewood, California to serve as an Assistant Manager. Mr. Chadha received good reviews from his supervisors and performed successfully in his new role.

12.     After the attacks on September 11, 2001, several hate crimes occurred around the country against members of the Sikh faith who were thought to be Muslims by the attackers. Mr. Chadha himself was repeatedly verbally abused by patrons as well as Red Lobster employees. Among other things, Mr. Chadha was called, "Ossama"and "terrorist" and relentless jokes were made about his turban and "needing to call Homeland Security." Despite these constant slurs, Mr. Chadha chose to remain devout to his Sikh faith and kept his turban and beard. In or about October or November 2001, Mr. Chadha was near-fatally attacked at the Red Lobster in Lakewood, California

F:\MAT\591340\2\1st amended complaint.wpd

First Amended Complaint

/2

1   by five patrons.

2       13.   After the attack, Defendants effectively demoted Mr. Chadha and transferred him to

3   serve as an Assistant Manager at Defendants' Red Lobster in Garden Grove, California. This

4   location was close to the Lakewood Red Lobster but was a lower performing restaurant. Nonetheless,

5   Mr. Chadha continued to thrive professionally, increasing revenues and guest satisfaction for

6   Defendants.

7       14.   After a short term assignment as Acting General Manager in Defendants' Red Lobster

8   located in Monrovia, California, in or about December 2002, Mr. Chadha was again promoted, this

9   time to General Manager of Defendants' Red Lobster restaurant in Torrance, California. Mr. Chadha

10   served in this capacity until his constructive discharge on or about July 28, 2006.

11       15.   The Red Lobster restaurant in Torrance was one of Defendants' lowest performing

12   restaurants. Under Mr. Chadha's direction, the Torrance restaurant went from the worst in its

13   division to the third best performing Red Lobster in the entire country and Canada for guest

14   satisfaction, earnings and improvements, among other things. Further, between December 2002 and

15   his constructive discharge in July of 2006, Mr. Chadha continually received praise for his "hard

16   work," "dedication," and outstanding results in "over-the-top" guest satisfaction.

17       16.   In 2005 and 2006, Mr. Chadha was selected to be a "Diamond Club General

18   Manager." The Diamond Club is a prestigious award given to only the top 5% of General Managers

19   from all of Defendants' operating companies located in the United States and Canada. Diamond Club

20   Members are given the "royal treatment" by Defendants with an all-expenses paid trip to a high-end

21   resort for the Diamond Club members and their spouses where the Diamond Club recipients are

22   honored for their excellent service.

23       17.   In April 2006, Mr. Chadha's upward career path with Defendants continued when he

24   was one of eight General Managers invited to attend Defendants' "Emerging Leaders Meeting." Mr.

25   Chadha received extremely positive feedback from his supervisor Mike Amato after the meeting and

26   was told that others in upper management felt Mr. Chadha was ready to join the director team. Mr.

27   Chadha was extremely pleased by this news since he aspired to become a Director of Operations.

28   ///

1      18.    In the spring of 2006, Mr. Chadha was selected as one of only three candidates from a

2    pool of 700 General Managers to interview for the position of Director of Operations.  Curiously,

3    however, at or about the time of the interview, Mr. Chadha was told conflicting stories about whether

4    a position for Director of Operations was actually open and whether he was truly a candidate.  While

5    some executives told Mr. Chadha that such a position was available, Defendant Gruetzmacher told

6    Mr. Chadha that the interview was a "mock interview," and that no position was actually open.

7    Equally curiously, one of the interviewers told Mr. Chadha that while she was very impressed by his

8    numbers, she could not hire Mr. Chadha because Gruetzmacher "had plans for him."  Upon

9    information and belief, unbeknownst to Mr. Chadha, Gruetzmacher had already determined to accuse

10    Mr. Chadha of GSS fraud and the interview process was merely a charade.

11      19.    On July 6, 2006, Mr. Chadha received a glowing evaluation from his supervisor Mike

12    Amato which -- but for the false accusations discussed below -- would have increased the likelihood

13    that Mr. Chadha would be promoted very shortly.

14      20.    On July 11, 2006, just *three business days* before Mr. Chadha was set to leave for the

15    2006 Diamond Club retreat with his wife, Defendant Gruetzmacher, Senior Director of Operations for

16    the Paradise Division, informed Mr. Chadha that Defendants were launching a formal investigation

17    against him for Guest Satisfaction Survey ("GSS") fraud that allegedly occurred in May 2006 and that

18    Mr. Chadha was no longer eligible for Diamond Club.  Oddly, Gruetzmacher informed Mr. Chadha

19    that he was not suspended (as is Defendants' customary practice where formal investigations are

20    instigated) and would have to continue working. Gruetzmacher stated that he, "would throw all of his

21    weight behind the investigation to implicate (Mr. Chadha)" -- even though Gruetzmacher also

22    admitted that no evidence connecting Mr. Chadha to the GSS fraud existed.

23      21.    Mr. Chadha was devastated.  After having given ten years to Defendants and having

24    worked so hard to achieve repeated outstanding results for Defendants, he felt completely betrayed

25    and humiliated.  He knew that he was being framed for something he did not do.  At the same time

26    Mr. Chadha was forced to face his crew, all of whom knew he was supposed to attend the Diamond

27    Club Retreat, without the authority to disclose the investigation.

28    ///

22.     Defendants timed their actions and muffled Mr. Chadha so that Mr. Chadha would be subjected to maximum humiliation and emotion distress.  When Mr. Chadha asked Defendant Gruetzmacher what he should tell his crew about why he was not at the Diamond Club, Gruetzmacher told him to lie and say that the Torrance Red Lobster had not met its numbers to be eligible for the Diamond Club.  Through their actions, Defendants intentionally created an intolerable work environment for Plaintiff.

23.     Mr. Chadha had over 100 employees who worked under him at the Torrance Red Lobster restaurant and when word spread that he was no longer eligible for the prestigious Diamond Club just three business days before he was set to leave for the Diamond Club festivities, Mr. Chadha was subjected to incessant questioning both in the Torrance restaurant and from other of Defendants' employees.  Mr. Chadha's work environment became intolerable in that he was forced to lie to the very employees he had led, motivated and inspired to produce top results for Defendants for two consecutive years.  This took a tremendous toll on Mr. Chadha and over the course of the next two weeks he voiced his concerns several times about the intolerable working conditions to his supervisor.

24.     As a result of the false accusations, unbearable cloud of uncertainty hanging over his integrity, the unjustified exclusion from Diamond Club which he had worked so hard to achieve and the recognition that Defendants would never promote him into upper management, Mr. Chadha was forced to leave Defendants' employ in fear he would be framed and terminated for an act he knew he did not commit.

25.     Accordingly, days later, Mr. Chadha provided his letter of resignation to Defendants and resigned effective on or about July 28, 2006.

26.     On or about February 14, 2007, upon learning that his current employer was to be acquired, Mr. Chadha called Defendants' Executive Vice-President, Kelly Baltes and asked for his job back.  Mr. Chadha assumed he was eligible for re-hire, since Defendants' policy over the ten years he had worked with Defendants was to rehire General Managers who had resigned – especially those who were high performers like himself.  Several days later, Mr. Baltes called back and told Mr. Chadha that Defendants' would not rehire him because, in reference to the alleged GSS fraud, "you left under questionable circumstances."

------------------------------------------

First Amended Complaint

/5

27.     On or about July 5, 2006, Mr. Chadha informed Defendants' that he wished to engage in Defendants' Dispute Resolution Process ("DRP) regarding his rehire.  Initially, the Human Resources representative told him that the DRP process did not apply to him.  On or about July 30, 2007, Defendants's informed Mr. Chadha that it would engage in the DRP process, but would not institute the "Peer Review Hearing" (Step II of the DRP process) until mid to late September 2007.

28.     On or about August 8, 2007, Mr. Chadha continued to attempt to use the DRP process, and wrote a detailed letter to Defendant Darden's Chief Executive Officer, Clarence Otis, regarding all the events surrounding his constructive discharge and failure to be rehired.

29.     On or about August 21, 2007, Mr. Chadha attended a farcical Pier Review Hearing organized by Defendants.  The panel included Jim McKeating, Darden's Senior Vice-President for the Paradise (Western) Division and two General Managers whom Mr. McKeating supervised.  Mr. Chadha presented his case and addressed the alleged GSS fraud issue.  He was not permitted to hear the charges against him or be present while the company presented its case.  The panel ruled against Mr. Chadha.

30.     On or about October 17, 2007, Mr. Chadha timely requested mediation (Step III in DRP).  Defendants continued to unjustifiably delay the process and only after Mr. Chadha obtained counsel did Defendants finally agree to a mediation date of March 4, 2008 – nearly *five months* after the date Mr. Chadha first requested mediation and *over a year* from the time Mr. Chadha initially requested to be rehired.  In mid-February 2008, Defendants again delayed the mediation, contending that a necessary company representative could not make himself available until March 26, 2008.

31.     On January 23, 2007, Mr. Chadha filed a Complaint of Discrimination and requested a right to sue letter from the Department of Fair Employment and Housing.  On or about March 4, 2008, Plaintiff received his right to sue letters as to Defendants Darden and GMRI, Inc.

///

///

///

///

///

F:\MAT\591340\241st amended complaint.wpd

-7-

-------------------------------------------
First Amended Complaint

## FIRST CAUSE OF ACTION

## FOR DISCRIMINATION BASED ON NATIONAL ORIGIN

(By Plaintiff Against Employer Defendants and Does 1-50)

[Government Code §12940(a)]

As a first, separate and alternative cause of action, Plaintiff alleges:

32.    Mr. Chadha alleges and incorporate by reference the allegations set forth in Paragraphs 1-31, inclusive, above.

33.    Mr. Chadha is informed and believes and thereon alleges the following: Defendants did not want a turban-wearing employee of Indian origin promoted to Defendants' upper levels of management regardless of how well the employee performed.  Mr. Chadha is informed and believes that Defendants accused him of alleged GSS fraud just days before he was to receive Defendants' prestigious Diamond Club Award, since Defendants did not want to promote Mr. Chadha on account of his national origin.  Mr. Chadha is informed and believes and thereon alleges that Defendants discriminated against him with respect to the terms and conditions of his employment because he is of Indian origin.

34.    Defendants' refusal to promote Mr. Chadha, constructive termination of Mr. Chadha's employment and refusal to re-hire constituted unlawful discrimination in employment on account of national origin, in violation of California Government Code Section 12940(a).

35.    As a direct and proximate result of Defendants' discrimination, Plaintiff has suffered and will continue to suffer damages in an amount within the jurisdiction of this court, the exact amount to be proven at trial.  Such damages include:

      a.    loss of salary and other valuable employment benefits;

      b.    prejudgment interest and interest on the sum of damages at the legal rate; and

      c.    other consequential damages, including damages for shame, humiliation, mental anguish and emotional distress caused by the conduct of Defendants.

36.    In addition, Plaintiff is entitled to his attorney fees in prosecuting this lawsuit, pursuant to Government Code Section 12965 (b).

///

1    37.    The conduct of Defendants, and each of them, as alleged above was fraudulent,

2   oppressive and malicious and was undertaken with conscious or reckless disregard of Plaintiff's

3   rights. Such conduct was undertaken by officers and managing agents of Defendants, and was ratified

4   at the highest levels of Defendants' management. As a result, Mr. Chadha is entitled to an award of

5   punitive and exemplary damages in an amount sufficient to deter Defendants and others similarly

6   situated, from such conduct in the future.

7                          **SECOND CAUSE OF ACTION**

8                  **FOR DISCRIMINATION BASED ON RELIGION**

9                  (By Plaintiff Against Employer Defendants and Does 1-50)

10                          [Government Code §12940(a)]

11          As a second, separate and alternative cause of action, Plaintiff alleges:

12          38.    Mr. Chadha alleges and incorporate by reference the allegations set forth in Paragraphs

13   1-37, inclusive, above.

14          39.    Mr. Chadha is informed and believes and thereon alleges the following: Defendants did

15   not want a turban-wearing Sikh to be promoted to Defendants' upper levels of management regardless

16   of how well the employee performed. Mr. Chadha is informed and believes that Defendants accused

17   him of alleged GSS fraud just days before he was to receive Defendants' prestigious Diamond Club

18   Award, since Defendants did not want to promote Mr. Chadha on account of his observance of

19   traditional religious tenets of the Sikh faith. Mr. Chadha is informed and believes and thereon alleges

20   that Defendants discriminated against him with respect to the terms and conditions of terminated his

21   employment because of his religion.

22          40.    Defendants' refusal to promote Mr. Chadha, constructive termination of Mr. Chadha's

23   employment and refusal to re-hire constituted unlawful discrimination in employment on account of

24   religion in violation of California Government Code Section 12940(a).

25          41.    As a direct and proximate result of Defendants' discrimination, Plaintiff has suffered

26   and will continue to suffer damages in an amount within the jurisdiction of this court, the exact

27   amount to be proven at trial. Such damages include:

28                  a.    loss of salary and other valuable employment benefits;

C:\MAT\591300201st amended complaint.wpd                    -9-

---

                          **First Amended Complaint**

b.      prejudgment interest and interest on the sum of damages at the legal rate; and

c.      other consequential damages, including damages for shame, humiliation, mental anguish and emotional distress caused by the conduct of Defendants.

42.      In addition, Plaintiff is entitled to his attorney fees in prosecuting this lawsuit, pursuant to Government Code Section 12965 (b).

43.      The conduct of Defendants, and each of them, as alleged above was fraudulent, oppressive and malicious and was undertaken with conscious or reckless disregard of Plaintiff's rights. Such conduct was undertaken by officers and managing agents of Defendants', and was ratified at the highest levels of Defendants' management. As a result, Mr. Chadha is entitled to an award of punitive and exemplary damages in an amount sufficient to deter Defendants and others similarly situated, from such conduct in the future.

### THIRD CAUSE OF ACTION

### FOR WRONGFUL [CONSTRUCTIVE] TERMINATION

### IN VIOLATION OF PUBLIC POLICY

(By Plaintiff Against Employer Defendants and Does 1-50)

As a third, separate and alternative cause of action, Plaintiff alleges:

44.      Mr. Chadha alleges and incorporate by reference the allegations set forth in Paragraphs 1-43, inclusive, above.

45.      Defendants' discrimination against and termination of Plaintiff, on account of his national origin and religion, as alleged above, violated the public policies of the State of California as embodied in California Constitution, Article I, Section 8 and Government Code Sections 12920 and 12940, among many other statutes of the United States and the State of California.

46.      These statutes, laws and the public policy contained therein inure to and for the benefit of the public at large in that they promote equal opportunity in the workplace.

47.      As a direct and proximate result of Defendants' discrimination in violation of public policy, Plaintiff has suffered and will continue to suffer damages in an amount within the jurisdiction of this court, the exact amount to be proven at trial. Such damages include: --

a.      loss of salary and other valuable employment benefits;

F:\MAT\S9134\02\1st amended complaint w.pd                    -10-

b.  . prejudgment interest and interest on the sum of damages at the legal rate; and

c.  other consequential damages, including damages for shame, humiliation, mental anguish and emotional distress caused by the conduct of Defendants.

48.  The conduct of Defendants, and each of them, as alleged above was fraudulent, oppressive and malicious and was undertaken with conscious or reckless disregard of Plaintiff's rights. Such conduct was undertaken by officers and managing agents of Defendants, and was ratified at the highest levels of Defendants' management. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to deter Defendants and others similarly situated, from such conduct in the future.

**FOURTH CAUSE OF ACTION**

**DEFAMATION**

(By Plaintiff Against All Named Defendants and Does 1-50)

As a fourth separate and alternative cause of action, Plaintiff alleges:

49.  Mr. Chadha alleges and incorporate by reference the allegations set forth in Paragraphs 1-48, inclusive, above.

50.  Mr. Chadha is informed and believes Defendants, and each of them, by the herein-described acts, conspired to, and in fact, did negligently, recklessly, and intentionally cause excessive and unsolicited internal and external publications of defamation, of and concerning Mr. Chadha, to third persons. These false and defamatory statements included express accusations that Plaintiff engaged in dishonest, immoral, unethical and untrustworthy conduct by engaging in GSS fraud. These and other similar false statements expressly and impliedly stated that Plaintiff was dishonest, immoral, unethical and untrustworthy.

51.  While the precise dates of these publications are not known to Plaintiff, Mr. Chadha is informed and believes the publications may have started in as early as April 2006 up until the time of his constructive discharge on or about July 17, 2006, for the improper purpose of discriminating against him on the basis of his religion and national origin, as a way of framing Mr. Chadha so that he would not eventually move into Defendants' upper management and for the purposes of creating an intolerable working condition such that Mr. Chadha would be forced to leave. Plaintiff is informed

**First Amended Complaint**



1   and believes that the negligent, reckless, and intentional publications by Defendants were and continue

2   to be, foreseeably published and republished by Defendants, their agents and employees, recipients, in

3   the community. Plaintiff hereby seeks damages for these publications and all foreseeable

4   republications discovered up to the time of trial.

5        52.    During the above-described time-frame, Defendants, and each of them, conspired to,

6   and in fact, did negligently, recklessly, and intentionally cause excessive and unsolicited publication

7   of defamation, of and concerning Plaintiff, to third persons, who had no need or desire to know.

8   Those third person(s) to whom these Defendants published this defamation are believed to include, but

9   are not limited to, other agents and employees of Defendants, including but not limited to Mike

10  Amato, Kelly Baltes and Chris Plunkett, all of whom are known to Defendants but unknown at this

11  time to Plaintiff.

12       53.    Upon information and belief, the defamatory publications consisted of oral and written,

13  knowingly false and unprivileged communications, tending directly to injure Plaintiff and Plaintiff''s

14  personal, business, and professional reputation. These publications included the following false and

15  defamatory statements (in violation of Civil Code §§ 45 and 46(3)(5)) with the meaning and/or

16  substance that Plaintiff: engaged in GSS fraud by among, other things, allegedly himself calling in

17  feedback on his own store.  These and other similar false statements expressly and impliedly stated

18  that Plaintiff was dishonest, immoral, unethical and untrustworthy.

19       54.    Plaintiff is informed, believes and fears that these false and defamatory per se

20  statements will continue to be published by Defendants, and each of them, and will be foreseeably

21  republished by their recipients, all to the ongoing harm and injury to Plaintiff''s business,

22  professional, and personal reputations. Plaintiff also seeks redress in this action for all foreseeable re-

23  publications, including his own compelled self-publication of these defamatory statements.

24       55.    The defamatory meaning of all of the above-described false and defamatory statements

25  and their reference to Plaintiff, was understood by these above-referenced third person recipients who

26  are known to Defendants, and each of them, but unknown to Plaintiff at this time.

27       56.    None of Defendants' defamatory publications against Plaintiff referenced above are

28  true.



57.    The above defamatory statements were understood as assertions of fact, and not as opinion. Plaintiff is informed and believes this defamation will continue to be negligently, recklessly, and intentionally published and foreseeably republished by Defendants, and each of them, and foreseeably republished by recipients of Defendants' publications, thereby causing additional injury and damages for which Plaintiff seeks redress by this action.

58.    Each of these false defamatory per se publications (as set forth above) were negligently, recklessly, and intentionally published in a manner equaling malice and abuse of any alleged conditional privilege (which Plaintiff denies existed), since the publications, and each of them, were made with hatred, ill will, and an intent to vex, harass, annoy, and injure Plaintiff in order to justify the illegal and cruel actions of Defendants to cause further damage to Plaintiff's professional and personal reputation and to cause his constructive discharge.

59.    Each of these publications by Defendants, and each of them, were made with knowledge that no investigation supported the unsubstantiated and obviously false statements. The Defendants, published these statements knowing them to be false, unsubstantiated by any reasonable investigation and the product of hostile witnesses. These acts of publication were known by Defendants, and each of them, to be negligent to such a degree as to be reckless. In fact, not only did Defendants, and each of them, have no reasonable basis to believe these statements, but they also had no belief in the truth of these statements, and in fact knew the statements to be false. Defendants, and each of them, excessively, negligently, and recklessly published these statements to individuals with no need to know, and who made no inquiry, and who had a mere general or idle curiosity of this information.

60.    The above complained-of publications by Defendants, and each of them, were made with hatred and ill will towards Plaintiff with the design and intent to injure Plaintiff, Plaintiff's good name, his reputation, employment and employability. Defendants published these statements, not with an intent to protect any interest intended to be protected by any privilege, but with negligence, recklessness and/or an intent to injure Plaintiff and destroy his reputation. The statements alleged above were made with malice in fact by Defendant Gruetzmacher in that he harbored ill will and hatred for Plaintiff in that, among other things, Plaintiff is informed and believes, that Defendant

1  Gruetzmacher was prejudiced against Plaintiff on account of his national origin and religion and did

2  not wish to see a turban wearing Sikh ascend into Defendants' upper management. Therefore, no

3  privilege existed to protect any of the Defendants from liability for any of these aforementioned

4  publications or republications.

5       61.    As a proximate result of the publication and republication of these defamatory

6  statements by Defendants, and each of them, Plaintiff has suffered injury to his personal, business and

7  professional reputation including suffering embarrassment, humiliation, severe emotional distress,

8  anguish, fear, loss of employment, and employability, and significant economic loss in the form of

9  lost wages and future earnings, all to Plaintiff''s economic, emotional, and general damage in an

10  amount according to proof.

11       62.    Defendants, and each of them, committed the acts alleged herein recklessly,

12  maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, for an

13  improper and evil motive amounting to malice (as described above), and which abused and/or

14  prevented the existence of any conditional privilege, which in fact did not exist, and with a reckless

15  and conscious disregard of Plaintiff''s rights. All actions of Defendants, their agents and employees,

16  herein alleged were known, ratified and approved by the Defendants. Plaintiff thus is entitled to

17  recover punitive and exemplary damages from Defendants, and each of them, for these wanton, and

18  despicable acts in an amount according to proof at time of trial.

19                                  **FIFTH CAUSE OF ACTION**

20                                   **DECLARATORY RELIEF**

21               (By Plaintiff Against All Named Defendants and Does 1-50)

22       As a fifth, separate and alternative cause of action, Plaintiff alleges:

23       63.    Mr. Chadha alleges and incorporate by reference the allegations set forth in Paragraphs

24  1-62, inclusive, above.

25       64.    An actual controversy has arisen and now exists relating to the rights and duties of the

26  parties herein. Plaintiff contends Defendants have waived their rights, if any, to enforce the

27  arbitration agreement in Exhibit 1 by inexcusable delay and thereby prejudicing and depriving

28  Plaintiff of his due process rights, Defendants contend the claims are still pending in arbitration under

1  its Dispute Resolution Process ("DRP").  Plaintiff relies, in part, on *Brown v. Dillards, Inc.*, 430

2  F.3d 1004 (9th Cir. 2005), which held: an employer cannot compel an employee to honor an

3  arbitration agreement which the employer has materially breached and prejudiced Plaintiff's position

4  in the process.

5        65.    Plaintiff has attempted to resolve this dispute with Defendant to no avail.

6        66.    Plaintiff desires a judicial determination of his rights and duties, and a declaration as to

7  whether Defendants have waived their right, if any, to enforce the arbitration provision in Exhibit 1.

8  Plaintiff also seeks a declaration that the arbitration agreement cannot be enforced because Defendants

9  have waived their right to enforce it through inexcusable delay and prejudice to Plaintiff.

10        67.    A judicial declaration is necessary and appropriate at this time under the

11  circumstances in order that Plaintiff may ascertain her rights and duties with regard to the arbitration

12  provision.

13  **PRAYER FOR RELIEF**

14  WHEREFORE, Plaintiff requests the following relief:

15        1.    On the First through Fourth Causes of Action, inclusive, for compensatory damages

16  according to proof, including damages for mental anguish and suffering;

17        2.    On the First through Fourth Causes of Action, inclusive, for punitive and exemplary

18  damages in an amount sufficient to deter Defendants and others similarly situated from such conduct

19  in the future;

20        3.    On the Fourth Cause of Action, for general, presumed and special damages based upon

21  damage to Plaintiff's business and personal reputation;

22        4.    On the Fifth Cause of Action, for a declaration that Defendants' violations as described

23  above are found to have been unlawful and/or willful and further enjoining Defendants from using the

24  DRP process;

25        5.    On the Fifth Cause of Action, for a declaration that the arbitration agreement is not

26  enforceable;

27        6.    On the First through Fourth Causes of action, for prejudgment interest as allowable by

28  law;

24

1      7.    On the First, Second and Fifth Causes of action to the extent authorized by the Fair

2  Employment and Housing Act, for attorneys fees;

3      8.    On all Causes of Action, for costs of suit; and,

4      9.    For any other relief that the Court deems to be just and proper.

5                **JURY TRIAL DEMANDED**

6    Plaintiff demands trial of all issues by jury.

7  DATED: March 5, 2008             DONFELD, KELLEY & ROLLMAN

8

9                     By: _____
                           Amy Semmel

10                    Attorneys for Plaintiff

**First Amended Complaint**

25

26

**EXHIBIT 1**

# Dispute Resolution Process

DARDEN
RESTAURANTS.

27

This booklet is the plan document for the Dispute Resolution Process (DRP) between the Employee and Darden Restaurants, Inc. (the Company).  The DRP is governed by the Federal Arbitration Act or whatever state law is required to authorize and/or enforce the arbitration, and the requirements, obligations, procedures and benefits in this booklet are binding on the Employee and the Company during and after the period of the Employee's employment.

The mutual goal of DRP is to resolve work related problems, concerns and disputes between the Employee and the Company in a prompt, fair and efficient way that protects the legal rights of both the Employee and the Company.

This booklet is used throughout the United States, and state laws may vary.  The DRP is always to be used and interpreted consistently with applicable law.  If there is any conflict between the DRP and any local, state or federal law, the law will be followed. If a provision of the DRP is held to be invalid by a court of competent jurisdiction, that provision may be severed, deleted or revised by the Court to make it legal and valid. The Court severed, deleted or revised provision, shall not affect the remaining provisions of the DRP.  Additionally, the DRP may be updated from time to time as required by law.

# Table of Contents

Page 1:      Introduction

Page 3:      How to Use DRP

Page 3:      Open Door

Page 3:      Peer Review

Page 4:      Mediation

Page 5:      Arbitration

Page 9:      DRP Overview

29

# Introduction

Occasional differences may arise between the Company and an Employee, both during and after employment. The mutual goal is to resolve work-related problems, concerns and disputes in a prompt, fair and efficient way that protects the legal rights of both the Employee and the Company. To accomplish this goal, the Dispute Resolution Process (DRP) is comprised of a four-step process: Open Door, Peer Review, Mediation and Arbitration.

## What is covered under DRP?

The first three steps of DRP—the Open Door, Peer Review and Mediation—apply to all employment-related disputes or claims brought by the Employee against the Company or the Company against the Employee other than those limited "Exceptions" listed below. Some examples of disputes which are covered by the first three steps of DRP include, but are not limited to: disputes about compensation earned, termination, discrimination and harassment.

Only disputes which state a legal claim may be submitted to Arbitration, which is the fourth and final step of DRP. The arbitrator has the authority to dismiss disputes that do not state a legal claim. Examples of legal claims may include but are not limited to: claims that arise under the Civil Rights Act of 1964, Americans With Disabilities Act, Fair Labor Standards Act, Age Discrimination in Employment Act, Family Medical Leave Act, Employee Retirement Income Security Act, unfair competition, violation of trade secrets, any common law right or duty, or any federal, state or local ordinance or statute.

**The DRP is the sole means for resolving covered employment-related disputes, instead of court actions. Disputes eligible for DRP must be resolved only through DRP, with the final step being binding arbitration heard by an arbitrator. This means DRP-eligible disputes will NOT BE RESOLVED BY A JUDGE OR JURY. Neither the Company nor the Employee may bring DRP-eligible disputes to court. The Company and the Employee waive all rights to bring a civil court action for these disputes.**

## Exceptions to DRP:

The DRP is not available to resolve disputes.

- related to Workers Compensation or Unemployment Insurance benefits, or

- that by law cannot be subjected to mandatory arbitration, or

- that are legally required to be arbitrated or resolved under a different process, or

- regarding wage rates, wage scales or benefits, performance standards, work rules, food quality and service standards, or company policies and procedures, including whether to open or close operations; unless these disputes are brought pursuant to a specific federal or state statute, or other applicable legal standard

Within fourteen (14) days after the receipt of the completed DRP submission form by the DRP department, the party submitting a claim to DRP will be notified whether the claim is eligible for resolution under the DRP.

There will be no right or authority for any dispute to be brought, heard or arbitrated by any person as a class action, collective action or on behalf of any other person or entity under the DRP. The arbitrator has no jurisdiction to certify any group of current or former employees, or applicants for employment, as a class or collective action in any arbitration proceeding.

## Other Actions

The DRP does not prevent an Employee from exercising statutorily protected rights, including the right to file any administrative charge or complaint with federal or state administrative agencies. It also does not prevent an Employee from participating in any investigation or proceeding conducted by any governmental agency. However, if one of these agencies issues a right to sue notice, the DRP is the only means of resolving the dispute, and binding arbitration is the sole and final process and remedy. Any relief obtained through DRP will be the sole remedy and will be the final resolution of the dispute and all damage claims unless otherwise provided by law.

## Time Limits

All state, federal and administrative agency statutes of limitation and deadlines apply. For example, some states provide for a two-year statute of limitation. Where there are no such statutes of limitation or deadlines, or if the time limits cannot be changed by mutual agreement, then claims of either the Employee or the Company must be submitted to DRP within one (1) year from the date the party requesting DRP first learned of the claim or reasonably should have known about the claim. After submission of the claim, the DRP must be continually pursued with reasonable diligence. Any disputes regarding this provision or any time limits will be decided by the arbitrator.

## How to Contact the DRP Department

If there are any questions about DRP or how to begin the process, please contact the DRP Department by calling toll free, 1-800-817-4171, or in writing to: Dispute Resolution Department, 5900 Lake Ellenor Drive, Orlando, FL 32809.

*31*

# How to Use DRP—The Four Steps

## Step 1. Open Door

The first step in resolving a dispute is to use the Open Door. If the Employee has a workplace concern or dispute, they are to bring it to the attention of their manager. If, for any reason, the Employee does not feel they can talk to their manager about the problem, the Employee should then bring it to the attention of the next person in their chain of supervision, such as their General Manager, Director, Vice President or Senior Vice President, or they may contact a representative from Human Resources or Employee Relations. In addition, the Employee may contact the DRP Department, by calling toll free, 1-800-817-3171, or in writing to Dispute Resolution Department, 5900 Lake Ellenor Drive, Orlando, FL 32809.

Open Door allows for an open and honest exchange by the people who are closest to the problem and often provides the best insight and opportunity for mutual resolution. *The Employee can use all of the steps of DRP or discuss any issue without fear of retaliation.*

## Step 2. Peer Review

If using the Open Door has not resolved the issue, the Employee can submit his or her concern to Peer Review by simply filling out a DRP Submission Form. Peer Review provides a way for the parties to personally present the issue to a panel of three employees, two who are at the same level in the company as the Employee, and the third being a management-level employee. At Peer Review, the Employee and the Company each have up to thirty minutes to present their position to the panel separately and privately. The Peer Review panel considers the issue, and makes a non-binding decision, which is communicated to the Employee and the Company within thirty (30) days of the Peer Review. The Peer Review panel has the ability to grant reinstatement of employment and benefits, back pay, lost wages and reversal of the Company's action or decision.

If the Employee and the Company are both satisfied with the Peer Review panel's decision, both the Employee and the Company will sign the Peer Review response form agreeing to the decision, and the matter will be considered resolved. The decision then becomes final and binding on the Employee and the Company. If either the Employee or the Company is not satisfied with the review panel's decision, the dissatisfied party can submit the matter to mediation. If neither the Employee nor the Company requests mediation of the matter (as described below), within thirty (30) days after receiving the Peer Review panel's decision, this will also constitute acceptance of the panel's decision and it will become final and binding on both parties.

## Step 3. Mediation

The request for mediation and notice must be in writing and provided to the other party within thirty (30) days of receiving the Peer Review panel's decision. Mediation notices to the Company should be sent to: Dispute Resolution Department, 5900 Lake Ellenor Drive, Orlando, FL 32809.

### Procedure

Mediation is conducted in accordance with the Employment Mediation Rules of the American Arbitration Association (AAA), as those rules are in effect at the time the written request for mediation is made.

### Location

The mediation will be held in or near the city where the Employee is or was last employed by the Company, unless the Employee and the Company mutually agree to hold it somewhere else.

### Selection of Mediator

The Employee and the Company will jointly select the mediator and mediation service. If the parties cannot agree, AAA mediation services and the procedures set out in the Employment Dispute Resolution Rules of the AAA will be used.

### Costs

The Company will pay the costs and fees of the mediation service and of the mediator.

### Resolution

If the dispute is resolved during mediation, the Employee and the Company will each sign a written agreement containing the terms of the resolution. The agreement will be final and binding on both parties and will conclude the DRP process. The agreement will be fully enforceable in a court of competent jurisdiction.

### Termination of Mediation Without Resolution

The mediation will terminate without resolution if the mediator, the Employee or the Company determine that further attempts to mediate are not worthwhile. If the mediation is terminated by the mediator, the mediator and/or mediation service will submit written notice to both the Employee and the Company confirming that the mediation has terminated. If the mediation is terminated by the Employee or the Company, the party terminating the mediation will submit written notice to the address of record of the other party via certified or registered mail, return receipt requested, confirming that the mediation has terminated. A copy of the written notice must also be submitted to the mediator and/or mediation service.

## Step 4. Arbitration

Upon receiving the timely written notice that mediation has concluded without resolution (SEE "Termination of Mediation Without Resolution" on page 4), and if the **dispute involves a legal claim,** either the Employee or the Company can submit the matter to binding arbitration.

### Eligibility

Only disputes that state a legal claim will be arbitrated (SEE "What is Covered Under DRP" on pages 1 and 2). The arbitrator has the sole authority to determine the eligibility of a dispute for arbitration and whether it has been timely filed. If the arbitrator finds that a dispute does not state a legal claim or has been filed in an untimely manner, the dispute is considered to be resolved.

### Notice

The request for arbitration and notice must be in writing and provided to the other party by certified or registered mail, return receipt requested, within thirty (30) days of receipt of written notification that mediation has been terminated (SEE "Termination of Mediation Without Settlement" on page 4). However, the party requesting arbitration shall have whatever additional time is left on the applicable federal, state or administrative statute of limitation, if any, beyond the thirty (30) days, to request arbitration and submit notice to the other party. For example, some states provide for a two (2) year statute of limitation (SEE "Time Limits" on page 2).

The arbitration notice should be sent to the Dispute Resolution Department, 5900 Lake Ellenor Drive, Orlando, FL 32809, and must identify and describe all claims being submitted to arbitration, the facts upon which the claims are based, and the relief or remedy requested.

### Procedure and Applicable Law

The arbitration will be conducted according to the Employment Dispute Resolution Rules of the American Arbitration Association (AAA), except to the extent modified by DRP or by applicable law. The arbitration and any decision or award made by the arbitrator will be final and binding on the Employee and the Company and enforceable in a court of competent jurisdiction.

The DRP is governed by the Federal Arbitration Act or whatever state law is required to authorize and/or enforce the arbitration. Arbitration shall be the only remedy for resolving any dispute related to the interpretation or application of the DRP or its rules, or any arbitration rules or procedures, including without limitation, the manner in which the arbitration proceeding will be conducted.

### Fees and Costs

The Company will pay the arbitrator's fees and expenses, any costs for the hearing facility, and any costs of the arbitration service.

Any other expenses incurred by the Employee during the arbitration are the Employee's responsibility. Likewise, any other expenses incurred by the Company during the arbitration are the obligation of the Company. This includes, by way of example only, transcript preparation fees, attorneys' fees, and expert witness fees. However, an arbitrator may award fees and costs according to applicable law.

## Location

The arbitration shall take place in or near the city where the Employee is or was last employed by the Company, unless the Employee and the Company agree to hold it somewhere else.

## Selection of Arbitrator

A single arbitrator will conduct the arbitration. The arbitrator must be experienced in law relating to employment disputes, and will be selected by the Employee and the Company jointly. If the Employee and the Company cannot agree on the selection of an arbitrator, one shall be chosen by the arbitration service utilized, according to the procedures set forth in the Employment Dispute Resolution Rules of the American Arbitration Association (AAA).

## Authority of the Arbitrator

In addition to the authority granted to the arbitrator under the Employment Dispute Resolution Rules of the AAA.

1. The arbitrator shall have the authority to determine whether a dispute is subject to arbitration under the terms of the DRP and whether it is timely under the DRP and any applicable laws. The arbitrator also has the authority to rule upon related Motions to Dismiss, Motions for Summary Judgment or other Motions brought by the parties in the same manner as could any court of competent jurisdiction. The arbitrator will have no right or authority to hear or rule on any dispute brought by any person as a class action, collective action or on behalf of any other person or entity under the DRP. The arbitrator has no jurisdiction to certify any group of current or former employees, or applicants for employment, as a class or collective action in any arbitration proceeding.

2. The arbitrator has the same authority as a court of law to grant requested relief; this would include relief requested regarding temporary restraints and preliminary injunctive remedies. However, this provision does not prevent either the Employee or the Company from requesting available temporary or preliminary injunctive remedies from an appropriate court, provided that the request does not remove the dispute from final resolution by the arbitrator. The request for temporary or preliminary injunctive remedies does not waive the requesting party's right to arbitrate claims covered by the DRP.

3. Unless done pursuant to a specific federal or state statute, or other applicable legal standard, the arbitrator has no authority to establish wage rates, wage scales or benefits, performance standards, work rules, food quality and service standards, or similar company policies and procedures, including whether to open or close operations.

35

4. The arbitrator may give any weight to the decision of the Peer Review panel that the arbitrator considers proper under the circumstances.

## Date and Duration of the Arbitration Hearing

The arbitrator will set an appropriate time and date for the arbitration and duration of the arbitration after conferring with both the Employee and the Company. Unless the Employee and the Company mutually agree otherwise:

1. The arbitration hearing will start no later than ninety (90) days following the date of the selection of the arbitrator. However, the selected arbitrator may extend the hearing date if good cause is shown by either party.

2. The arbitrator has the authority to set the duration of the hearing after conferring with both parties. Typically, the arbitration hearing shall last no longer than two (2) days. Complex cases may require additional time. The Employee and the Company representative will each have one (1) day to present their side of the dispute. The arbitrator may, for good cause, extend the duration of the hearing and adjust the timing of the presentations. Also, the arbitrator may extend the hearing and any related discovery to whatever extent is necessary to meet any applicable legal requirements.

## Representation

Both the Employee and the Company have the right to be represented by a lawyer of their choice and at their own expense at the arbitration. However, if the Employee notifies the Company that he or she will not be represented by a lawyer at least thirty (30) days before the date of the hearing, the Company will also not be represented by a lawyer at the arbitration.

## Subpoenas and Discovery

The arbitrator has the authority to authorize reasonably needed discovery in addition to that provided by the American Arbitration Association Rules. The Employee and the Company each have the right to subpoena witnesses and documents for the arbitration hearing by requesting a subpoena from the arbitrator. Subpoenas must be served on the other party and submitted to the arbitrator. Any objection to the issuance of any subpoena must be submitted to the arbitrator within ten (10) days following receipt of the request.

## Designation of Witnesses & Exhibits

Unless otherwise determined by the arbitrator, at least fifteen (15) days before the start of the arbitration hearing, the Employee and the Company must provide each other and the arbitrator with a list of witnesses, including any expert witnesses, a brief summary of the testimony each witness is expected to provide, and a list of all exhibits intended to be used at the arbitration. Unless so ordered by the arbitrator, witnesses or exhibits which do not appear on these lists will not be admitted during the hearing. Appropriate rebuttal witnesses and exhibits will be allowed, consistent with AAA Rules.

### Arbitration Transcript

The Company may arrange for and pay the cost of a court reporter to provide a stenographic record of proceedings, and will notify the Employee if it chooses to do so. If so, the Employee may obtain a copy of the record by paying a reasonable percentage of the reporter's fee, as determined by applicable state law or the arbitrator, or, if the Company does not arrange for a transcript, the Employee may choose to arrange for a court reporter at their own cost.

### Post-Hearing Briefs

Either the Employee or the Company upon request at the close of hearing, may file a post-hearing brief. Whether briefs are permitted, the time for filing briefs and any additional requirements, such as a maximum page limit, will be set by the arbitrator at the hearing.

### Arbitrator's Decision

The arbitrator shall issue a written decision, including a statement of the arbitrator's findings of fact and conclusions of law, within thirty (30) days after the date the hearing ends.

### Judicial Enforcement

Either party may bring an action in any court of competent jurisdiction to compel arbitration under this Agreement and/or to enforce an arbitration award, as may be permitted by law.

# Darden Restaurants
## DISPUTE RESOLUTION PROCESS OVERVIEW

| OPTION | WHAT | WHO | WHY | HOW |
|---|---|---|---|---|
| **1** <br> **Open Door** | A way to discuss and resolve concerns with management without retaliation. <br> • Informal <br> • Covers work-related disputes <br> • Encourages early resolution | Bring concern to: <br> • Manager <br> • General Manager <br> • Director <br> • Employee Relations <br> • Senior Vice President <br> • President | • Encourages early resolution of concern <br> • Open and flexible <br> • Easily accessible <br> • Helps preserve working relationships <br> • Resolves concern amicably <br> • Promotes open Communication | Discuss concern in person with manager or with Employee Relations <br> • Discuss concern with GM or DO, or <br> • Call Employee Relations <br> • See DRP Poster for phone numbers |
| **2** <br> **Peer Review** | A way to bring a concern to a three-member panel for resolution. <br> • Informal <br> • Covers work-related disputes <br> • Panel returns a written decision | Conducted by a trained facilitator. <br> • Three-member panel made up of two peers (co-workers) and one management panelist <br> • Witnesses called at panel's discretion <br> • Conducted by a trained Facilitator selected by you | • Fresh perspective from those outside the issue, but within the Company <br> • Quick resolution of the concern <br> • Helps preserve working relationships | Present concern to a trained panel that will listen, evaluate and return a decision that is not binding unless the parties agree to it. <br> • Submit a completed DRP submission form to DRP Department. <br> Phone: 800-817-3171 |
| **3** <br> **Mediation** | A way to take a dispute to a neutral third party who will assist the Employee and the Company in finding a compromise. <br> • Informal <br> • Covers work-related disputes <br> • Non-binding unless parties agree to settle | Mediator chosen by the Employee and the Company or appointed by the American Arbitration Association or other mediation service. | • Benefit of neutral, outside third-party expert to assist in negotiation <br> • Win-win solution <br> • Fast and inexpensive (no cost to Employee) <br> • Helps preserve working relationships <br> • Non-binding unless both parties agree to a resolution | Present concern to a neutral third party that will assist the Employee and the Company in finding a compromise <br> • Submit a Mediation request form to DRP Dept. <br> • Contact DRP Dept at 800-817-3171 |
| **4** <br> **Arbitration** <br><br> **Final** | A way to take a dispute to an outside, neutral third party for a decision that is binding on all parties. <br> • Structured, but less formal than court trials <br> • Covers all eligible work-related disputes <br> • Written decision binding on the Employee and the Company <br> • Legal representation allowed but not required or is the Employee's choice | Third-party arbitrator, chosen by the Employee and the Company or appointed by AAA or other arbitration service | • Benefit of neutral, outside third-party expert to make final decision <br> • Arbitrator has authority to grant legal and equitable relief as in a court of law <br> • Quicker resolution than traditional court process <br> • Simpler and more economical, no cost to Employee <br> • Helps preserve working relationships | Present dispute to a neutral third party who will evaluate the issue and return a final decision that is binding on both the Employee and the Company. <br> • If a mediation fails, a DRP-eligible dispute may be pursued by submitting a written notice to the other party |

38

# Notes

39

## DISPUTE RESOLUTION PROCESS ACKNOWLEDGEMENT

I have received and reviewed the Dispute Resolution Process (DRP) booklet. This booklet contains the requirements, obligations, procedures and benefits of the DRP. I have read this information and understand and agree to the terms and conditions of the DRP. I agree as a condition of my employment, to submit any eligible disputes I may have to the company's DRP and to abide by the provisions outlined in the DRP. I understand that this includes, for example, claims under state and federal laws relating to harassment or discrimination, as well as other employment-related claims as defined by the DRP. Finally, I understand that the company is equally bound to all of the provisions of the DRP.

Employee Name (please print)                          Social Security Number

Employee Signature                                   Date

Restaurant/Department No.                            Company

Management Signature                                 Date

I as parent/guardian of the below named Employee (Employee), have received and reviewed the Dispute Resolution Process (DRP) booklet. This booklet contains the requirements, obligations, procedures and benefits of the DRP. I have read this information and understand and agree to the terms and conditions of the DRP on behalf of Employee. I agree, as parent/guardian that, as a condition of Employee's employment, Employee must submit any eligible disputes he or she may have to the company's DRP and he or she must abide by the provisions outlined in the DRP. I understand that this includes, for example, claims under state and federal laws relating to harassment or discrimination, as well as other employment-related claims as defined by the DRP. Finally, I understand that the company is equally bound to all of the provisions of the DRP.

Name of Employee's Parent/Guardian (please print)

Signature of Employee's Parent/Guardian             Date

Name of Management Representative (please print)

Management Signature                                 Date

40

DISPUTE RESOLUTION PROCESS   11

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Supreta Sampath, State Bar No. 232190<br>Donfeld, Kelley & Rollman<br>11845 W. Olympic Blvd. ,Ste. 1245, Los Angeles, Ca 90064 | **CONFORMED COPY**<br>OF ORIGINAL FILED<br>Los Angeles Superior Court |

TELEPHONE NO. 310-312-8080    FAX NO. 310-312-8014
ATTORNEY FOR (Name): Plaintiff, Daman Pal Singh Chadha

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Central

FEB 07 2008

John A. Clarke, Executive Officer/Clerk

By _____, Deputy
D.M. SWAIN

CASE NAME:
Daman Pal Singh Chadha vs. Darden Restaurants, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | BC 385103 |
| | | | JUDGE | |
| | | | DEPT | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action (specify): Five
5. This case [ ] is [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: Feb. 7, 2008
Supreta Sampath
(TYPE OR PRINT NAME)                    ► _Supreta Sampath_
                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

41

| SHORT TITLE | CASE NUMBER |
|---|---|
| Daman Pal Singh Chadha vs. Darden Restaurants, Inc. | BC385103 |

### CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I.  Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 7   ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

42

SHORT TITLE
Daman Pal Singh Chadha vs. Darden Restaurants, Inc.

CASE NUMBER

| A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort (Cont'd.)** | | |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1., ②, 3. |
| | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | | |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023   Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | ☐ A6032  Quiet Title | 2., 6. |
| | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | | |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | | |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 2 of 4



| SHORT TITLE | CASE NUMBER |
|---|---|
| Daman Pal Singh Chadha vs. Darden Restaurants, Inc. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9<br>2., 6<br>2., 9.<br>2., 8<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8 |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2<br>2., 7<br>2., 3., 4., 8.<br>2., 9 |

LACIV 109 (Rev  01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 3 of 4

44

| SHORT TITLE<br>Daman Pal Singh Chadha vs. Darden Restaurants. Inc. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C<br>WHICH APPLIES IN THIS CASE<br><br>☐1. ☒2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>21233 Hawthorne Blvd. | |
|---|---|---|
| CITY:<br>Torrance | STATE:<br>CA | ZIP CODE<br>90503 | |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___CENTRAL___ courthouse in the ___Central___ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: Feb. 7, 2008

(SIGNATURE OF ATTORNEY/FILING PARTY)

---

## PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet form CM-010.

4.  Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5.  Payment in full of the filing fee, unless fees have been waived.

6.  Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

---

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

45

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AG                                          ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
611 West Sixth Street, Suite 1500 ,Los Angeles, CA  90017
(213) 439-6770 (800) 700-2320 Fax (213) 439-6780



January 30, 2008


Amy Semmel
Attorney
Donfeld, Kelley & Rollman
11845 W Olympic Blvd. #1245
Los Angeles, CA 90064

RE:    E200708R1737-00-c
       SINGH-CHADHA/GMRI, INC. DBA RED LOBSTER

Dear Amy Semmel:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
January 30, 2008 because an immediate right-to-sue notice was requested.  DFEH
will take no further action on the complaint.

This letter is also the Right-To-Sue Notice.  According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the
Fair Employment and Housing Act against the person, employer, labor organization
or employment agency named in the above-referenced complaint.  The civil action
must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment
Opportunity Commission (EEOC) must be visited to file a complaint within 30 days
of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged
discriminatory act, whichever is earlier.

46

Notice of Case Closure
Page Two


DFEH does not retain case files beyond three years after a complaint is filed, unless
the case is still open at the end of the three-year period.

Sincerely,

Theresa Satterfield
District Administrator


cc:    Case File


HUMAN RESOURCES MANAGER
GMRI, INC. DBA RED LOBSTER
5900 LAKE ELLENOR DR.
ORLANDO, FL 32809

47

DFEH-200-43 (06/06)

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                                  ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
611 West Sixth Street, Suite 1500 ,Los Angeles, CA 90017 ·
(213) 439-6770 (800) 700-2320 Fax (213) 439-6780

February 19, 2008

Amy Semmel
Attorney
Donfeld, Kelley & Rollman
11845 W Olympic Blvd. #1245
Los Angeles, CA 90064

RE: E200708R1737-00-c
    SINGH-CHADHA/GMRI, INC. DBA RED LOBSTER

Dear Amy Semmel:

## NOTICE TO COMPLAINANT'S ATTORNEY

Enclosed is a copy of your client's complaint of discrimination filed with the
Department of Fair Employment and Housing on 1/30/2008 pursuant to the
California Fair Employment and Housing Act, Government Code section 12900 et
seq. Also enclosed is a copy of your client's Notice of Case Closure, which
constitutes your client's right-to-sue notice.

Please note that under Government Code section 12962, you are responsible for
**service of the complaint** on respondent(s). You should also enclose a copy of the
Notice of Case Closure along with the complaint. These documents must be
served within **60 days** of the filing date of the complaint. Government Code
section 12962(b) further provides that complaints must be served either personally
or by certified mail with return receipt requested.

For additional information, please read the enclosed Notice of Case Closure that
explains the conditions for filing a private lawsuit in the State of California.

Sincerely,

Theresa Satterfield
District Administrator

Enclosure:   Complaint of Discrimination

48

# * * * EMPLOYMENT * * *

**COMPLAINT OF DISCRIMINATION UNDER
THE PROVISIONS OF THE CALIFORNIA
FAIR EMPLOYMENT AND HOUSING ACT**

DFEH # E-200708-1737-00c

*DFEH USE ONLY*

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

| YOUR NAME (indicate Mr. or Ms.) | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| Daman Pal Singh Chadha | c/o 310-312-8080 |

ADDRESS
7740 Blue Mist Court

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Corona, California  92880 | Riverside | |

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| GMRI, Inc. dba Red Lobster | 407-245-5127 |

| ADDRESS | | DFEH USE ONLY |
|---|---|---|
| 5900 Lake Ellenor Dr. | | |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Orlando, Florida  32809 | | |

| NO. OF EMPLOYEES/MEMBERS (if known) | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year) | RESPONDENT CODE |
|---|---|---|
| 1000's | Approx. 02/14/2007 | |

THE PARTICULARS ARE:

On Approx. 02/14/2007 I was
but violations continuing
from application for
employment in 1996
by **Kelly Baltes, Executive Vice President.**
  Name of Person           Job Title (supervisor/manager/personnel director/etc.)

___ fired
___ laid off
X___ demoted
X___ harassed
___ genetic characteristics testing
X___ forced to quit
    on 07/28/2006

X___ denied employment
___ denied promotion
___ denied transfer
___ denied accommodation
X___ impermissible medical examination
X___ other (specify) denied re-hire; forced to submit
to farcical Dispute Resolution Process
beginning approx. 02/14/2007

___ denied family or medical leave
___ denied pregnancy leave
___ denied equal pay
___ denied right to wear pants

because of my:
___ sex
___ age
X___ religion
X___ race/color
___ national origin/ancestry
___ marital status
___ sexual orientation
___ association
___ physical disability
___ mental disability
___ color
___ genetic characteristics
X___ other (specify) **wearing turban for religious purposes**

___ (Circle one) filing;
Protesting; participating in
investigation (retaliation for)

the reason given by **Kelly Baltes**
                        Name of Person and Job Title

| Was because of [please state what you believe to be reason(s)] | stated reason for constructive firing was false allegation of customer service feedback fraud; stated reason for denial of re-hire that must use company's dispute resolution process to gain re-employment |
|---|---|

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated  01/23/08

At  CORONA, CA.
         City

DATE FILED:

COMPLAINANT'S SIGNATURE

RECEIVED

JAN 3 0 2008

Department of Fair Employment
and Housing
STATE OF CALIFORNIA

DFEH-300-03 (01/05)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

49

# RIGHT-TO-SUE COMPLAINT INFORMATION SHEET

DFEH needs a separate signed complaint for each employer, person, labor organization, employment agency, apprenticeship committee, state or local government agency you wish to file against. If you are filing against both a company and an individual(s), please complete separate complaint forms naming the company or an individual in the appropriate area.

Please complete the following so that DFEH can process your complaint and for DFEH for statistical purposes, and return with your signed complaint(s):

YOUR RACE/ETHNICITY (Check one)
__ African-American
__ African - Other
x  Asian/Pacific Islander (specify) Indian Sikh
__ Caucasian (Non-Hispanic)
__ Native American
__ Hispanic(specify)_____

YOUR PRIMARY LANGUAGE (specify)
    Punjabi

YOUR AGE:    43

IF FILING BECAUSE OF YOUR NATIONAL ORIGIN/ANCESTRY, YOUR NATIONAL ORIGIN/ANCESTRY (specify)
    Indian Sikh

IF FILING BECAUSE OF DISABILITY, YOUR DISABILITY:
__ AIDS
__ Blood/Circulation
__ Brain/Nerves/Muscles
__ Digestive/Urinary/Reproduction
__ Hearing
__ Heart
__ Limbs (Arms/Legs)
__ Mental
__ Sight
__ Speech/Respiratory
__ Spinal/Back

IF FILING BECAUSE OF MARITAL STATUS, YOUR MARITAL STATUS: (Check one)
__ Cohabitation
__ Divorced
__ Married
__ Single

IF FILING BECAUSE OF RELIGION, YOUR RELIGION: (specify)
    Sikh

IF FILING BECAUSE OF SEX, THE REASON:
__ Harassment
__ Orientation
__ Pregnancy
__ Denied Right to Wear Pants
__ Other Allegations (List)
_____

DFEH-300-03-1 (01/05)
Department of Fair Employment and Housing
State of California

YOUR GENDER: __ Female  X  Male

YOUR OCCUPATION:
__ Clerical
__ Craft
__ Equipment Operator
__ Laborer
X  Manager
__ Paraprofessional
__ Professional
__ Sales
__ Service
__ Supervisor
__ Technician

HOW YOU HEARD ABOUT DFEH:
x  Attorney
__ Bus/BART Advertisement
__ Community Organization
__ EEOC
__ EDD
__ Friend
__ Human Relations Commission
__ Labor Standards Enforcement
__ Local Government Agency
__ Poster
__ Prior Contact with DFEH
__ Radio
__ Telephone Book
__ TV
__ DFEH Web Site

DO YOU HAVE AN ATTORNEY WHO HAS AGREED TO REPRESENT YOU ON YOUR EMPLOYMENT DISCRIMINATION CLAIMS IN COURT? IF YOU CHECK "YES", YOU WILL BE RESPONSIBLE FOR HAVING YOUR ATTORNEY SERVE THIS DFEH COMPLAINT.

X  Yes        __ No

PLEASE PROVIDE YOUR ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:

Amy Semmel
Donfeld, Kelley & Rollman
11845 W. Olympic Blvd., Ste. 1245
Los Angeles, CA 90064
310-312-8080        Fax 310-312-8014

_____
Your Signature                Date

50

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AG.

ARNOLD SCHWARZENEGGER, Governor

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
611 West Sixth Street, Suite 1500 ,Los Angeles, CA 90017
(213) 439-6770 (800) 700-2320  Fax (213) 439-6780



January 30, 2008

Amy Semmel
Attorney
Donfeld, Kelley & Rollman
11845 W Olympic Blvd. #1245
Los Angeles, CA 90064

RE:   E200708R1737-01-c
      SINGH-CHADHA/DARDEN RESTAURANTS, INC.

Dear Amy Semmel:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective January 30, 2008 because an immediate right-to-sue notice was requested.  DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice.  According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint.  The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

5/

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Theresa Satterfield
District Administrator

cc:    Case File

HUMAN RESOURCES MANAGER
GMRI, INC. DBA RED LOBSTER
5900 LAKE ELLENOR DR.
ORLANDO, FL  32809

52

DFEH-200-43 (06/06)

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                                    ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
611 West Sixth Street, Suite 1500, Los Angeles, CA 90017
(213) 439-6770 (800) 700-2320 Fax (213) 439-6780

February 19, 2008

Amy Semmel
Attorney
Donfeld, Kelley & Rollman
11845 W Olympic Blvd. #1245
Los Angeles, CA 90064

RE: E200708R1737-01-c
    SINGH-CHADHA/DARDEN RESTAURANTS, INC.

Dear Amy Semmel:

## NOTICE TO COMPLAINANT'S ATTORNEY

Enclosed is a copy of your client's complaint of discrimination filed with the
Department of Fair Employment and Housing on 1/30/2008 pursuant to the
California Fair Employment and Housing Act, Government Code section 12900 et
seq. Also enclosed is a copy of your client's Notice of Case Closure, which
constitutes your client's right-to-sue notice.

Please note that under Government Code section 12962, you are responsible for
**service of the complaint** on respondent(s). You should also enclose a copy of the
Notice of Case Closure along with the complaint. These documents must be
served within **60 days** of the filing date of the complaint. Government Code
section 12962(b) further provides that complaints must be served either personally
or by certified mail with return receipt requested.

For additional information, please read the enclosed Notice of Case Closure that
explains the conditions for filing a private lawsuit in the State of California.

Sincerely,

Theresa Satterfield
District Administrator


Enclosure:   Complaint of Discrimination

53

# * * * EMPLOYMENT * * *

**COMPLAINT OF DISCRIMINATION UNDER**
**THE PROVISIONS OF THE CALIFORNIA**
**FAIR EMPLOYMENT AND HOUSING ACT**

DFEH # E 200706 C 1737-01-C

<span style="font-size:small">DFEH USE ONLY</span>

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (indicate Mr. or Ms.)
Daman Pal Singh Chadha

TELEPHONE NUMBER (INCLUDE AREA CODE)
c/o 310-312-8080

ADDRESS
7740 Blue Mist Court

CITY/STATE/ZIP
Corona, California 92880

COUNTY
Riverside

COUNTY CODE

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME
Darden Restaurants, Inc.

TELEPHONE NUMBER (include Area Code)
407-245-5127

ADDRESS
5900 Lake Ellenor Dr.

: DFEH USE ONLY

CITY/STATE/ZIP
Orlando, Florida 32809

COUNTY

COUNTY CODE

NO. OF EMPLOYEES/MEMBERS (if known)
1000's

DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year) Approx. 02/14/2007

RESPONDENT CODE

THE PARTICULARS ARE.

On Approx. 02/14/2007 I was but violations continuing from application for employment in 1996 on 07/28/2006 by Kelly Baltes, Executive Vice President.

| | | |
|---|---|---|
| ___ fired | X denied employment | ___ denied family or medical leave |
| ___ laid off | ___ denied promotion | ___ denied pregnancy leave |
| ___ demoted | ___ denied transfer | ___ denied equal pay |
| X harassed | ___ denied accommodation | ___ denied right to wear pants |
| ___ genetic characteristics testing | ___ responsible not attended to | |
| X forced to quit | X other (specify) denied re-hire; forced to submit to farcical Dispute Resolution Process beginning approx. 02/14/2007 | |

Name of Person        Job Title (supervisor/manager/personnel director/etc.)

because of my:

| | |
|---|---|
| X national origin/ancestry | ___ physical disability |
| ___ age | ___ mental disability |
| X religion | ___ sexual orientation |
| X race/color | ___ marital status |

___ career   ___ (Circle one) filing,

___ genetic characteristic   Protesting; participating in

X other (specify) wearing turban for religious purposes   investigation (retaliation for)

the reason given by Kelly Baltes

Name of Person and Job Title

| Was because of [please state what you believe to be reason(s)] | stated reason for constructive firing was false allegation of customer service feedback fraud; stated reason for denial of re-hire that must use company's dispute resolution process to gain re-employment |
|---|---|

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure." or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated   9/23/08

At   CORONA · CA ·

COMPLAINANT'S SIGNATURE

RECEIVED

JAN 30 2008

STATE OF CALIFORNIA
Department of Fair Employment
and Housing

DATE FILED

DFEH-300-03 (01-01)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

54

# RIGHT-TO-SUE COMPLAINT INFORMATION SHEET

DFEH needs a separate signed complaint for each employer, person, labor organization, employment agency, apprenticeship committee, state or local government agency you wish to file against. If you are filing against both a company and an individual(s), please complete separate complaint forms naming the company or an individual in the appropriate area.

Please complete the following so that DFEH can process your complaint and for DFEH for statistical purposes, and return with your signed complaint(s):

YOUR RACE /ETHNICITY (Check one)
__ African-American
__ African - Other
x_ Asian/Pacific Islander (specify) Indian Sikh
__ Caucasian (Non-Hispanic)
__ Native American
__ Hispanic(specify)_____

YOUR PRIMARY LANGUAGE (specify)
__ Punjabi _____

YOUR AGE: __ 43_

IF FILING BECAUSE OF YOUR NATIONAL ORIGIN/ANCESTRY, YOUR NATIONAL ORIGIN/ANCESTRY (specify)
__ Indian Sikh _____
IF FILING BECAUSE OF DISABILITY, YOUR DISABILITY:
__ AIDS
__ Blood/Circulation
__ Brain/Nerves/Muscles
__ Digestive/Urinary/Reproduction
__ Hearing
__ Heart
__ Limbs (Arms/Legs)
__ Mental
__ Sight
__ Speech/Respiratory
__ Spinal/Back

IF FILING BECAUSE OF MARITAL STATUS, YOUR MARITAL STATUS: (Check one)
__ Cohabitation
__ Divorced
__ Married
__ Single

IF FILING BECAUSE OF RELIGION, YOUR RELIGION: (specify)
__ Sikh _____

IF FILING BECAUSE OF SEX, THE REASON:
__ Harassment
__ Orientation
__ Pregnancy
__ Denied Right to Wear Pants
__ Other Allegations (List)
_____

DFEH-300-03-1 (01/05)
Department of Fair Employment and Housing
State of California

YOUR GENDER: __ Female X_ Male

YOUR OCCUPATION:
__ Clerical
__ Craft
__ Equipment Operator
__ Laborer
x_ Manager
__ Paraprofessional
__ Professional
__ Sales
__ Service
__ Supervisor
__ Technician

HOW YOU HEARD ABOUT DFEH:
x_ Attorney
__ Bus/BART Advertisement
__ Community Organization
__ EEOC
__ EDD
__ Friend
__ Human Relations Commission
__ Labor Standards Enforcement
__ Local Government Agency
__ Poster
__ Prior Contact with DFEH
__ Radio
__ Telephone Book
__ TV
__ DFEH Web Site

DO YOU HAVE AN ATTORNEY WHO HAS AGREED TO REPRESENT YOU ON YOUR EMPLOYMENT DISCRIMINATION CLAIMS IN COURT? IF YOU CHECK "YES", YOU WILL BE RESPONSIBLE FOR HAVING YOUR ATTORNEY SERVE THIS DFEH COMPLAINT.

X_ Yes    __ No

PLEASE PROVIDE YOUR ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:

Amy Semel
Donfeld, Kelley & Rollman
11845 W. Olympic Blvd., Ste. 1245
Los Angeles, CA 90064
310-312-8080     Fax 310-312-8014

_____     04|9 5|05
Your Signature              Date

55



56

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

Case Number _____ BC385103

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below. There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|
| Hon. Gregory Alarcon | 36 | 410 | Hon. William F. Highberger | 32 | 406 | |
| Hon. Conrad Aragon | 49 | 509 | Hon. Ernest M. Hiroshige | 54 | 512 | |
| Hon. Helen I. Bendix | 18 | 308 | Hon. Jane L. Johnson | 56 | 514 | |
| Hon. Elihu M. Berle | 42 | 416 | Hon. Ann I. Jones | 40 | 414 | |
| Hon. Tricia Ann Bigelow | 23 | 315 | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Charles C. Lee | 33 | 409 | |
| Hon. Soussan G. Bruguera | 71 | 729 | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Susan Bryant-Deason | 52 | 510 | Hon. Rita Miller | 16 | 306 | ✓ |
| Judicial officer not yet assigned | 13 | 630 | Hon. David L. Minning | 61 | 632 | ✓ |
| Hon. Victoria Chaney* | 324 | CCW | Hon. Aurelio Munoz | 47 | 507 | |
| Hon. Judith C. Chirlin | 19 | 311 | Hon. Mary Ann Murphy | 25 | 317 | |
| Hon. Ralph W. Dau | 57 | 517 | Hon. Joanne O'Donnell | 37 | 413 | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. Yvette M. Palazuelos | 28 | 318 | |
| Hon. James R. Dunn | 26 | 316 | Hon. Mel Red Recana | 45 | 529 | |
| Hon. Mark Mooney | 68 | 617 | Hon. Alan S. Rosefield | 31 | 407 | |
| Hon. William F. Fahey | 78 | 730 | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. Irving S. Feffer | 51 | 511 | Hon. John P. Shook | 53 | 513 | |
| Hon. Edward A. Ferns | 69 | 621 | Hon. Ronald M. Sohigian | 41 | 417 | |
| Hon. Kenneth R. Freeman | 64 | 601 | Hon. Michael C. Solner | 39 | 415 | |
| Hon. Richard Fruin | 15 | 307 | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Terry A. Green | 14 | 300 | Hon. Rolf M. Treu | 58 | 516 | |
| Hon. Elizabeth A. Grimes | 30 | 400 | Hon. Elizabeth Allen White | 48 | 506 | |
| Hon. Paul Gutman | 34 | 408 | Hon. John Shepard Wiley Jr. | 50 | 508 | |
| Hon. Robert L. Hess | 24 | 314 | Hon. Mary Thornton-House | 17 | 309 | |
| | | | Other | | | |

*Class Actions

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____   JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

NOTICE OF CASE ASSIGNMENT –
UNLIMITED CIVIL CASE



## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

COMPLAINTS: All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

CROSS-COMPLAINTS: Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

### *Class Actions
All class actions are initially assigned to Judge Victoria Chaney in Department 324 of the Central Civil West courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for pretrial purposes and for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court , rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.



*from the*
## LOS ANGELES SUPERIOR COURT
### ADR DEPARTMENT

If you have a general jurisdiction case involving one of these 6 subject matter areas:

- commercial
- employment
- medical malpractice
- real estate
- trade secrets
- unfair competition

## *Your case may be eligible for the court's pilot Early Neutral Evaluation (ENE) program.*

- ◆ **ENE can reduce litigation time and costs and promote settlement.**

- ◆ ENE is an informal process that offers a non-binding evaluation by an experienced neutral lawyer with expertise in the subject matter of the case. After counsel present their claims and defenses, the neutral evaluates the case based on the law and the evidence.

- ◆ **ENE is voluntary and confidential.**

- ◆ The benefits of ENE include helping to clarify, narrow or eliminate issues, identify areas of agreement, offer case-planning suggestions and, if requested by the parties, assist in settlement.

- ◆ **The first three (3) hours of the ENE session are free of charge.**

See back for a list of participating pilot courthouses and departments.

*For additional ENE information, visit the Court's web site at www.lasuperiorcourt.org/adr*

*59*

## PARTICIPATING PILOT COURTHOUSES:

**(General Jurisdiction Case Only)**

- **Chatsworth**
- **Pomona**
- **Santa Monica**
- **Van Nuys**
- **Stanley Mosk** (Departments listed below only.)

      Department 15

      Department 16

      Department 28

      Department 30

      Department 31

      Department 32

      Department 38

      Department 42

      Department 47

      Department 50

      Department 52

      Department 55

      Department 56

      Department 68

      Department 71

      Department 89



# LOS ANGELES SUPERIOR COURT
## CIVIL ALTERNATIVE DISPUTE RESOLUTION (ADR) PROGRAMS
[CRC 3.221 Information about Alternative Dispute Resolution]

The plaintiff shall serve a copy of the ADR Information package on each defendant along with the complaint.

## ADR PROGRAMS

"Alternative Dispute Resolution (ADR)" is the term used to describe all the other options available for settling a dispute which once had to be settled in court.  ADR processes such as arbitration, mediation, early neutral evaluation (ENE), and settlement conferences, are less formal than court and provide opportunities for litigants to reach an agreement using a problem-solving approach rather than the more adversarial approach of litigation.

| | |
|---|---|
| **MEDIATION** | A neutral third party called a "mediator" helps participants in the dispute create their own resolution.  The mediator helps facilitate a discussion in which the parties reach a mutually agreed upon settlement.  Therefore, mediation allows for more creative resolutions to disputes than other ADR processes. |
| | The Court Mediation Program is governed by Code of Civil Procedure sections 1775-1775.15, California Rules of Court, Rules 3.850-3.868 and 3.870-3.878; Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, Chapter 12. |
| **ARBITRATION** | A neutral third party called an "arbitrator" listens to each side in the dispute present its case.  The arbitrator, who is an attorney, issues a decision based on the evidence.  Although evidence is presented, arbitration is a less formal process than litigation.  The decision is non-binding unless the parties agree in writing to binding arbitration. |
| | The Court Arbitration Program is governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, Rules 3.810-3.830, and Los Angeles Superior Court Rules, Chapter 12. |
| **ENE** | A neutral third party called an "evaluator" will provide the parties and their counsel, on a voluntary basis and in a confidential session, the opportunity to make summary presentations of their claims and defenses, including key evidence.  After hearing the presentations, the evaluator, who is an experienced lawyer with subject-matter expertise, offers a non-binding evaluation. |
| | The evaluator will also help clarify, narrow or eliminate issues, identify areas of agreement, offer case-planning suggestions, and, if requested by parties, settlement assistance.  Although settlement is not the primary goal of ENE, the ENE process can reduce litigation time and costs and promote settlement. |
| | The Court ENE Program is governed by Los Angeles Superior Court Rules, Chapter 12. |
| **SETTLEMENT CONFERENCE** | A neutral third party called a "settlement officer," who is also a retired judge, assists the parties in negotiating their own settlement and may evaluate the strengths and weaknesses of the case. |

## JURISDICTIONAL LIMITATIONS

| | |
|---|---|
| **MEDIATION, ARBITRATION & ENE** | Any case in which the amount in dispute is between $25,000-$50,000 per plaintiff, and was not previously referred to the Court ADR Program, can be sent to the Court ADR Program for mediation, arbitration, or ENE by stipulation, election by plaintiff or order of the court. |
| | Parties may *voluntarily* request or initiate a mediation or arbitration proceeding, regardless of the amount in dispute. |
| **SETTLEMENT CONFERENCE** | Any case, regardless of the amount in dispute, may be ordered to a settlement conference. There is no monetary limit. |

## REFERRAL INFORMATION

After the Court determines the suitability of a case for ADR, the Court directs the parties to the ADR Department to initiate the ADR process.  Once the parties have completed the ADR intake forms, a Neutral may be selected.



## NEUTRAL SELECTION

Parties may select a mediator or arbitrator from the Court Party Pay Panel or Pro Bono Panel or may hire someone privately, at their discretion.  Parties are assigned to a settlement officer by court staff.

## COURT ADR PANELS

**PARTY PAY PANEL**  The Party Pay Panel consists of mediators and arbitrators who have achieved a specified level of experience in court-connected cases.  The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time.  Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the mediator or arbitrator if the parties consent in writing.

**PRO BONO PANEL**  The Pro Bono Panel consists of trained mediators and arbitrators who have not yet gained the experience to qualify for the Party Pay Panel and experienced mediators and arbitrators who make themselves available pro bono.  Mediators and arbitrators donate their time to the courts as a way of supporting the judicial system.  It is the policy of the Court that all pro bono volunteer mediators and arbitrators provide three hours hearing time per case.  Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the mediator or arbitrator if the parties consent in writing.

**ENE**  The Court ENE Panel consists of experienced lawyers who have been trained to serve as neutral evaluators.  The evaluators provide preparation time and three hours hearing time per case at no charge.  Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the evaluator if the parties consent in writing.

**PRIVATE NEUTRAL**  The market rate for private neutrals can range from $200-$1,000 per hour.

For additional information, visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR).

Partially Funded by the Los Angeles County Dispute Resolution Program

# LOS ANGELES COUNTY
# DISPUTE RESOLUTION PROGRAMS ACT (DRPA) CONTRACTORS

The following organizations provide mediation services under contract with the Los Angeles County Department of Community & Senior Services. Services are provided to parties in any civil case filed in the Los Angeles County Superior Court. Services are not provided under this program to family, probate, traffic, criminal, appellate, mental health, unlawful detainer/eviction or juvenile court cases.

**Asian-Pacific American Dispute Resolution Center**
**(213) 250-8190**
(Spanish & Asian languages capability)

**California Academy of Mediation Professionals**
**(818) 377-7250**

**Center for Conflict Resolution**
**(818) 380-1840**

**Inland Valleys Justice Center**
**(909) 397-5780**
(Spanish language capability)

**Office of the Los Angeles City Attorney Dispute Resolution Program**
**(213) 485-8324**
(Spanish language capability)

**Los Angeles County Bar Association Dispute Resolution Services**
**toll free number 1-877-4Resolve (737-6583) or (213) 896-6533**
(Spanish language capability)

**Los Angeles County Department of Consumer Affairs**
**(213) 974-0825**
(Spanish language capability)

**The Loyola Law School Center for Conflict Resolution**
**(213) 736-1145**
(Spanish language capability)

**Martin Luther King Legacy Association Dispute Resolution Center**
**(323) 290-4132**
(Spanish language capability)

**City of Norwalk**
**(562) 929-5603**

> DRPA Contractors do not provide legal advice or assistance, including help with responding to summonses. Accessing these services does not negate any responsibility you have to respond to a summons or appear at any set court date. See the reverse side of this sheet for information on the mediation process and obtaining legal advice.

## THIS IS A TWO-SIDED DOCUMENT.

**What is the goal of mediation?**

The goal is to assist the parties in reaching a mutually acceptable agreement or understanding on some or all of the issues. The parties jointly become the primary decision maker in how to resolve the issues as opposed to the traditional judge and/or jury system.

**Do I need an attorney for this?**

While it is recommended to have an attorney and/or receive legal advice before the mediation starts, you are not required to have representation. If you do have an attorney, they may participate in the mediation with you.

**How long does it take?**

Face-to-face mediations generally last one to three hours. Telephone conciliations, in which the parties do not meet face to face, vary from a few days to several weeks. Much depends on the number of parties involved and the complexities of the issues. When the mediation takes place depends on parties scheduling availability.

| A Mediator helps parties. . . | A Mediator does not… |
|---|---|
| ♦ Have productive discussions<br>♦ Avoid or break impasses<br>♦ Defuse controversy<br>♦ Generate options that have potential for mutual gain<br>♦ Better understand each other's concerns and goals<br>♦ Focus on their interests rather than their positions | ♦ Provide advice or opinions<br>♦ Offer legal information<br>♦ Make decisions for parties<br>♦ Represent or advocate for either side<br>♦ Judge or evaluate anyone or anything<br>♦ Conduct research<br>♦ "Take Sides" |

| **What does it cost?**<br><br>The first three hours of any mediation are free. Thereafter, charges are based on income or revenue. All fees are waived for low-income individuals. | **Legal Advice/Information**<br><br>**If you want to retain an attorney**, a list of state certified referral services is at courtinfo.ca.gov which also has an on-line self help legal center. |
|---|---|
| **What is the difference between the contractors listed and the Superior Court ADR Office?**<br><br>The services offered by the contractors listed may be accessed immediately. Those offered by the Superior Court ADR Office, also a DRPA contractor, may not be accessed by parties until a court appearance, or at the directive of the judge assigned to the case. | **Self-Help Legal Access Centers** are at the Inglewood, Palmdale, Pomona, and Van Nuys courthouses.  nls-la.org and lafla.org<br><br>**Court Personnel** can answer non-legal questions (forms, fees, fee waivers).  lasuperiorcourt.org<br><br>**Low-income individuals** may qualify for help from non-profit legal organizations. Court Personnel and DRPA contractors have such listings. |

### Dispute Resolution Programs Act (DRPA) Grants Administration Office
**(213) 738-2621**
(The DRP Office is not a Superior Court Office. Consult your phone directory to locate the number of the Court Office on your summons.)

## THIS IS A TWO-SIDED DOCUMENT.

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The undersigned parties stipulate to participate in an Alternative Dispute Resolution (ADR) process in the above-entitled action, as follows:

☐ Mediation

☐ Non-Binding Arbitration

☐ Binding Arbitration

☐ Early Neutral Evaluation

☐ Settlement Conference

☐ Other ADR Process *(describe)*: _____

Dated: _____

| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ Additional signature(s) on reverse

ADR 001 10-04
LASC Approved
(Rev. 01-07)

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221
Page 1 of 2

65

| Short Title | Case Number |
|---|---|
| | |

---

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

---

Name of Stipulating Party
☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

---

ADR 001 10-04
LASC Approved
(Rev. 01-07)

**STIPULATION TO PARTICIPATE IN**
**ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221
Page 2 of 2

UNITED STATE**S** DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| **Daman Pal Singh Chadha** | **Darden Restaurants, Inc.; GMRI, Inc. dba Red Lobster; Marty Gruetzmacher** |

| (b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases): Orange | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): |
|---|---|

| (c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Amy Semmel, Esq./Supreeta Sampath, Esq./Paul M. Kelley, Esq. Donfeld, Kelley and Rollman 11845 W. Olympic Blvd., Ste. 1245 Los Angeles, California 90064 (310) 312-8080 | Jesse M. Caryl, Esq./Jennifer A. Olson, Esq. Ford & Harrison LLP 350 S. Grand Ave., Ste. 2300 Los Angeles, California (213) 237-2400 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☑ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No   ☐ **MONEY DEMANDED IN COMPLAINT: $** >$25,000, according to proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
This case involves claims of national origin and religion discrimination, wrongful termination, defamation and declaratory relief under California law. Removal is proper under 28 USC 1441 as there is complete diversity of citizenship and the amount in controversy is greater than $75,000.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☑ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities /Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☑ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No  ☐ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:**   Case Number:

   CIVIL COVER SHEET   CV08-02516

UNITED STATE  ISTRICT COURT, CENTRAL DISTRICT O.  ALIFORNIA
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

VIII(b). RELATED CASES: Have any cases been previously filed that are related to the present case? ☑No  ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
　　　　　　　　　　　　　☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
　　　　　　　　　　　　　☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
　　　　　　　　　　　　　☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.

### Daman Pal Singh Chada resides in Orange County.

List the California County, or State if other than California, in which EACH named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.

### Darden Restaurants, Inc. is a Florida corporation with its principal place of business in Orlando, Florida; GMRI, Inc. dba Red Lobster is a Florida corporation with its principal place of business in Orlando, Florida; Marty Gruetzmacher resides in Arizona

List the California County, or State if other than California, in which EACH claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.

### Los Angeles County

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date  April /6 , 2008

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |